## (February 27, 1964)

■ LEONARD ARKIN et al., Respondents, v. ANNE FOGARTY, Appellant, et al., Defendant.

*Per Curiam.* Defendant Anne Fogarty (herein Fogarty) appeals from so much of an order entered September 10, 1963 as denied her motion to dismiss the first cause of action.

On November 11, 1957 Fogarty entered into a written agreement with Saks and Company, which agreement was to continue to November 30, 1962, by the terms of which she was to design certain dresses, coats, etc., for Saks and Company. On the same day, November 11, 1957, Saks and Company entered

into a written agreement with plaintiffs whereby they were to furnish materials, etc., and a place where Fogarty might work and do her designing, and under which Saks agreed further to purchase all of the designs of Fogarty. The agreement between Saks and plaintiffs by its terms was to expire on December 31, 1959, but was amended on March 11, 1959 so as to provide that it would be automatically extended for a period of two years unless either gave written notice to the other of its intention to terminate the agreement. By reason of the amendment the Saks-Arkin agreement was extended and would have expired December 31, 1961. Sometime in October 1961 difficulties developed between Fogarty and the plaintiffs, and with the consent of Saks she left plaintiffs' place of business. Sometime in January, 1962 she formed her own business, with Saks' approval, with the codefendant Sunshine, who is not appealing.

In December, 1961 plaintiffs instituted action against Fogarty. The complaint contained three causes of action. The first, with which we are concerned, was for breach of an alleged contract of employment and conspiracy.

From the record it is clear that there never was any contract of employment between plaintiffs and appellant Fogarty. Nor was the contract between Saks and Fogarty entered for the benefit of plaintiffs. The salary of Fogarty was paid by Saks, after social security payments and withholding taxes and other deductions required by law were first made. Fogarty participated in Saks' profit sharing plan, a plan open only to employees of Saks. Moreover, Saks entered into agreements with several other persons or firms to furnish them with Miss Fogarty's services as designer of other items including women's sportswear, women's lingerie, and women's hosiery. Since there was no contract between plaintiffs and Fogarty, and the Saks-Fogarty contract was clearly not for the benefit of plaintiffs, the first cause of action insofar as it alleges a breach of contract cannot be maintained. Insofar as the motion is addressed to that part of the first cause of action which charges conspiracy, it is denied. However flimsy the issue might appear, we cannot say as a matter of law, the allegations with respect thereto are insufficient. Accordingly, the order appealed from is modified on the law so as to strike that portion of the cause of action relating to breach of contract, and to provide for severance, and is otherwise affirmed (CPLR 3212), with costs to appellant. Settle order.

Botein, P. J., McNally, Stevens, Steuer and Witmer, JJ., concur.

Order, entered on September 10, 1963, unanimously modified on the law so as to strike that portion of the cause of action relating to breach of contract, and to provide for severance, and is otherwise affirmed (CPLR 3212), with $20 costs and disbursements to appellant. Settle order on notice.